# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DANIELLE ADAMS, et al., )
)
            Plaintiffs, )
)
    v. ) Case No. 4:16-00448-CV-RK
)
ANYTIME LABOR-KANSAS LLC, d/b/a )
LABORMAX STAFFING, et al., )
)
            Defendants. )

## ORDER ON MOTION FOR RECONSIDERATION
## AND ALTERNATIVE MOTION TO DISMISS

Plaintiffs filed this suit, on behalf of themselves and others similarly situated, against Defendants for alleged violations of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act. Defendants moved to dismiss or in the alternative, compel individual arbitration and stay this matter. (Doc. 14.) Plaintiffs opposed the motion, and argued alternatively that if arbitration is compelled, Plaintiffs should be permitted to arbitrate as a class. (Doc. 31.) Plaintiffs did not oppose the Court deciding the class arbitration issue and did not argue alternatively, that if arbitration is compelled, the arbitrator should determine whether or not the parties' arbitration agreement allows for class arbitration. The Court granted Defendants' motion in part and denied the motion in part. (Doc. 49.) Specifically, the Court ordered Plaintiffs to submit their claims to individual arbitration and stayed the case pending completion of arbitration. (*Id.*) Now pending is Plaintiffs' Motion for Reconsideration or, in the alternative, Motion to Dismiss Rather than Stay the Matter in Order to File an Immediate Appeal (the "Motion for Reconsideration"). (Doc. 50.) The Motion for Reconsideration is **DENIED**.

In their Motion for Reconsideration, Plaintiffs ask the Court for the first time to allow an arbitrator to determine whether or not the arbitration agreement allows for class arbitration. Plaintiffs argue that such relief is warranted because the parties' inclusion of the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in their arbitration agreement is clear and unmistakable evidence of the parties' intent for an arbitrator, not the Court, to decide the question of class arbitration. Defendants oppose reconsideration and argue, first, that Plaintiffs waived this argument by not raising it in opposition to Defendant's motion to

compel arbitration, and second, that the inclusion of AAA's commercial rules does not evidence a clear and unmistakable intent of the parties to have an arbitrator determine the question of class arbitration.

The Court does not need to rule on the issue of "who decides" whether or not a contract allows for class arbitration when the arbitration agreement references AAA's commercial rules, because it finds that Plaintiffs waived the argument by arguing, without objecting to who decides, the class arbitration question to this Court rather than seeking to have an arbitrator decide that question.

"Parties can waive their contractual right to arbitration even if their agreement to arbitrate is valid and enforceable." *Schultz v. Verizon Wireless Servs., LLC*, 833 F.3d 975, 978 (8th Cir. 2016). Courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so. *See generally Lewallen v. Green Tree Servicing, L.L.C.,* 487 F.3d 1085, 1094 (8th Cir. 2007); *Hooper v. Advance Am.*, 589 F.3d 917, 920 (8th Cir. 2009); *Erdman Co. v. Phx. Land & Acquisition, LLC*, 650 F.3d 1115, 1120 (8th Cir. 2011). A party waives its right to arbitrate when the party "(1) knew it had a right to arbitration, (2) acted inconsistently with such right, and (3) prejudiced [the opposing party]." *Hooper*, 589 F.3d 917, 920 (citations omitted).

First, Plaintiffs do not argue that they did not know about their right to arbitration when they were opposing Defendants' motion to dismiss or compel arbitration. In any event, the arbitration agreement was discussed at length in the parties' previous briefing and there is no basis to find that Plaintiffs did not know of their alleged right to arbitrate the class arbitration question.

Second, Plaintiffs acted inconsistently with their alleged right to arbitrate the class arbitration question. In the briefing on Defendants' motion to dismiss or compel arbitration, Defendants argued that, based on their arbitration agreement, "Plaintiffs' claims must be referred individually to arbitration and not on a class or collective basis." (Doc. 15 at 11.) Importantly, in their response, Plaintiffs never requested or mentioned the proposition that the arbitrator should determine the class arbitration issue. Instead, Plaintiffs responded with two arguments on the merits of class arbitration. (Doc. 31 at 8 section titled "If the [Arbitration] Agreement is Enforced, Plaintiffs' Claims should be Arbitrated As a Class or Collective Basis.") First, Plaintiffs asserted that, without an anti-class or anti-collective action provision, the arbitration agreement is inapplicable to Plaintiffs' claims. Second, Plaintiffs argued that individual

2

arbitration would frustrate the purpose of their claims. Assuming without deciding that the arbitration agreement provides for an arbitrator to determine whether arbitration should proceed individually or as a class, Plaintiffs acted inconsistently with enforcing that right by arguing the merits of the class arbitration issue to the Court rather than seeking to enforce an arbitration provision reserving that determination for an arbitrator.

Third, Defendants were prejudiced. "A party is [] prejudiced when . . . they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." *Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 969 (8th Cir. 2009); *see also Hooper*, 589 F.3d at 924 (internal quotations omitted) ("Although prejudice manifests itself in myriad ways, [p]rejudice results when . . . parties . . . litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts.") (citations and quotations omitted); *Lewallen*, 487 F.3d at 1092 ("an arbitration provision . . . does not go so far as to allow or encourage the parties to proceed . . . sequentially, in multiple forums.") It is sufficient that Plaintiffs litigated the class arbitration issue on the merits, and compelling arbitration on the same issue would require a duplication of effort.

The final question is whether the case should remain stayed or whether the Court should dismiss the action in order to allow Plaintiffs to seek an immediate appeal. "Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order [] granting a stay of any action under [9 U.S.C. § 3.]" 9 U.S.C. § 16. *See also Manion v. Nagin*, 255 F.3d 535, 540 (8th Cir. 2001) ("[A]n interlocutory order directing arbitration and staying an action is not appealable."); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000) (when a district court enters a stay rather than dismissal, the order is not appealable).

To allow for an immediate appeal, Plaintiffs ask the Court to reconsider its order and dismiss the action. As stated in the Court's prior Order, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, "declare[s] a national policy favoring arbitration," *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012), and provides that a court must stay an action until arbitration has been completed in accordance with the parties' agreement, 9 U.S.C. § 3. Pursuant to a judicially-created exception to the general rule that courts must stay an action pending arbitration under the FAA, a district court may, in its discretion, dismiss rather than stay an action pending arbitration. *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 -(8th Cir. 2011). The Court does not conclude its prior holding was clearly erroneous or works a

manifest injustice. *See Houston v. NPC Int'l, Inc.,* No. 13-01160-CV-W-GAF, 2014 U.S. Dist. LEXIS 189688, at *6-8 (W.D. Mo. May 23, 2014) ("Allowing interlocutory appeal would undermine the . . . goals of arbitration. Forcing Plaintiff and Defendant to spend the time and energy appealing the Court's Order would undermine the streamlined and expeditious results the parties desired when entering into an agreement to arbitrate. . . . All of Plaintiff's issues are preserved for appeal following arbitration, and the proper procedure is for Plaintiff to proceed with individual arbitration and thereafter appeal the final arbitration order.")

## Conclusion

Accordingly, for the reasons set forth above, Plaintiffs' Motion for Reconsideration is **DENIED**. Counsel for the parties shall file a joint status update within ninety (90) days of the date of this Order, and every ninety days thereafter.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 6, 2017